**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monica Michelizzi,<br><br>        Plaintiff,<br><br>v.<br><br>Beatitudes Campus LLC, et al.,<br><br>        Defendants. | No. CV-22-00072-PHX-DWL<br><br>**ORDER** |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendants The Beatitudes Campus, LLC, dba Beatitudes Campus of Care, Beatitudes at Home and Be At Home Beatitudes Campus ("the Beatitudes Defendants") operate an independent living apartment ("Beatitudes") in Phoenix where Mary Lois Jensen ("Mrs. Jensen") was a resident for many years, beginning in 2012. (Doc. 1-4 at 10-14 ¶¶ 6, 10, 16.) The complaint alleges that "in December 2020, Beatitudes required Beatitudes at Home companions[1] to care for known COVID-19 positive residents, and without quarantine or proper [personal protective equipment], required the same companions to also serve non-infected residents including those living in independent

---

[1] The "companions" are caregivers who provide "companionship, assistance with light housekeeping, laundry, ironing, meal preparation, errands, dressing and personal hygiene, and pet care." (Doc. 1-4 at 14 ¶ 17.)

living apartments," and that Mrs. Jensen died from acute respiratory failure as a result of COVID-19 after she was exposed to the virus by one of these "companions." (*Id.* at 18-20 ¶¶ 39-54.) Plaintiff Monica Michelizzi, Mrs. Jensen's daughter, brings this action individually and as the personal representative of her estate, asserting a state-law wrongful death action. (*Id.* at 22-23 ¶¶ 64-68 ["Defendants' gross negligence and recklessness directly resulted in Mrs. Jensen's death."].)

Defendants removed this action, asserting that "federal question jurisdiction is proper under the doctrine of 'complete preemption'" by the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d(d), 247d-6e (2020) (Doc. 1 ¶¶ 15, 18-20) and that "[r]emoval is also proper because Plaintiff's complaint presents a 'substantial federal question.'" (*Id.* ¶ 26.)

The notice of removal states that "[t]he Ninth Circuit has not yet spoken on whether the PREP Act triggers complete preemption, and thus no binding precedent exists for this Court," but identifies a case from the Central District of California as supporting removal in this circumstance. (*Id.* ¶ 22.) The notice of removal also acknowledges in a footnote that "[t]o date, the Third Circuit is [the] only federal appellate court to address the issue." (*Id.* at 9 n.4.) That footnote fails to mention that the Third Circuit held that federal jurisdiction is lacking—the PREP Act does not completely preempt state-law negligence claims, and these claims do not raise significant federal issues. *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393 (3d Cir. 2021) ("Here, the estates of the deceased filed wrongful-death lawsuits against the nursing homes. They filed in state court and asserted only garden-variety state-law claims, so state court is where these cases belong."). That footnote also fails to mention that the Third Circuit identified the Central District of California decision cited by Defendants as an outlier in the course of emphasizing that "[n]early every federal district court to confront these cases," has dismissed for lack of jurisdiction and remanded to the state court." *Id.* at 402 & n.2.

The facts of *Maglioli* are nearly identical to the facts here—residents of nursing homes tragically died from COVID-19 and representatives of the estates allege that the

nursing homes negligently exposed the deceased—and the cause of action is the same (wrongful death).

The Third Circuit's careful analysis in *Maglioli* is persuasive, and the Court can discern no distinction. Defendant does not distinguish the case but instead asserts that "the *Maglioli* court misapplied the doctrine of complete preemption." (Doc. 8 at 8.) Defendant's brief analysis has not persuaded the Court that the Third Circuit got it wrong. Thus, "the Court joins the growing consensus finding that the PREP Act is not a complete preemption statute." *Roebuck v. Clinic*, 2021 WL 1851414, *5 (D. Ariz. 2021).

As a final matter, Defendant notes that *Martin v. Serrano Post Acute LLC*, 2020 WL 5422949 (C.D. Cal. 2020), a case raising similar issues, is currently being appealed to the Ninth Circuit (case number 20-56078) and requests that the Court "reserve its decision on whether to remand this matter until after the *Martin* appeal is decided." (Doc. 8 at 9.) Defendants suggest that the Court await a ruling in *Martin*, and/or await resolution of the pending petition for rehearing and rehearing *en banc* in *Maglioli*, before deciding whether this case should be remanded and note that a contrary approach would effectively deprive them of a remedy, because erroneous remand decisions are not removable.

Although these suggestions are not unreasonable, the difficulty with Defendants' proposal is that there is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Critically, "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Here, at a minimum, there is doubt regarding the right to removal. In this circumstance, the Court is not at liberty to await developments in other cases (particularly cases in which it is anybody's guess when a decision will be issued) before deciding the remand issue. The presence of doubt alone requires remand.

Accordingly,

**IT IS ORDERED** that this case is remanded to Maricopa County Superior Court.

Dated this 11th day of February, 2022.

Dominic W. Lanza
United States District Judge